Current Trucking Company v. Commissioner.
Current Trucking Co. v. Commissioner
Docket No. 85441.
United States Tax Court
T.C. Memo 1962-247; 1962 Tax Ct. Memo LEXIS 61; 21 T.C.M. (CCH) 1315; T.C.M. (RIA) 62247; October 23, 1962
Arthur B. Bleecher, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined for 1956 a deficiency of $10,731.32 and an addition of $5,365.66 for fraud under section 6653(b), Internal Revenue Code of 1954, and for 1957 a deficiency of $1,060.83 and a section 6653(b) addition of $530.42. A request, accompanying the petition, that the trial be held at Albuquerque, New Mexico, or, in the alternative, at Denver, Colorado, was granted for trial at Denver because the Court does not regularly hold Court in Albuquerque. The petition was verified by Harry G. Heathman as president of the petitioner. The only counsel of record for the petitioner was permitted to withdraw on October 3, 1960, after notice to the petitioner. The motion to withdraw stated *62 that counsel for the petitioner had requested, but had never received, information from the petitioner (1) with respect to its income and expenses for the tax years; and (2) with respect to the whereabouts of it and its officers. A notice was sent on July 3, 1961, by certified mail to "Harry C. Heathman, President, Current Trucking Company, P.O. Box 291, Canyon City, Oregon." That was the only address of the petitioner known to the Court at that time. The notice stated that the case was set for trial in the Post Office Building in Denver, Colorado, on October 2, 1961. A letter from Heathman, acting for the petitioner, was received by the Court on August 22, 1961. It indicated to the Court for the first time that Heathman's address was "P.O. Box. 15285, Salt Lake City, Utah." A copy of the notice of the trial date and place was mailed promptly to that address. All subsequent mailings of the Court were sent to that address. Heathman filed a motion with the Court on August 28, 1961, stating that he was a "former President of Current Trucking Company" and asking for a continuance of the trial from October 2, 1961, and a later trial in Portland, Oregon. That motion was denied. *63 The case was called for trial in Denver on October 2, 1961, at which time there was no appearance by or for the petitioner, but counsel for the Commissioner stated that Heathman, by long distance telephone, had requested that the case be continued if he (Heathman) did not appear when the case was called for trial. See transcript of October 2, 1961, for details. The case was continued at that time and on July 20, 1962, notice that the case was set for trial on September 10, 1962, at Denver, Colorado, in the United States Post Office Building, United States Court of Appeals Courtroom, was sent by certified mail. The case was called for trial on September 10, 1962, as set, at which time there was no appearance for the petitioner and counsel for the Commissioner stated that Heathman had advised him that he (Heathman) had to appear in the Supreme Court of Utah on September 10, 1962, and requested that the present case be called on Thursday, September 13, 1962. The case was then set for trial on Thursday, September 13, 1962, and was called for trial on that day but again there was no appearance by or for the petitioner. The case went to trial and counsel for the Commissioner stated that *64 he would concede that there was no deficiency for 1957, no fraud for either 1956 or 1957, and a deficiency of $6,844.82 only for 1956 instead of the amount of $10,731.32 originally determined. He moved for and was granted permission to file an amended answer to claim additions to the tax for 1956 under sections 6651(a) (for failure to file a return) and 6653(a) (that a part of the deficiency is due to negligence). A general denial of the facts alleged in the amended answer was assumed on behalf of the petitioner. The Commissioner then proved that no returns had been filed by the petitioner for 1956 or 1957 through negligence. The Commissioner relied upon the gross income for 1956 of $31,214.08 as determined in the notice of deficiency but conceded that it should be reduced to $22,816.07 by the allowance of expense deductions of $7,864.78 and depreciation of $533.23, as shown in exhibits A and B admitted in evidence for that purpose. The deficiency on $22,816.07 of net income would be $6,844.82. A 25 percent addition under section 6651(a) would be $1,711.21 and a 5 percent addition under section 6653(a) would be $342.24. The total amount, $8,898.27, claimed for 1956 under the amended *65 answer is thus less than the deficiency of $10,731.32 originally determined for that year and, in the absence of any appearance upon behalf of the petitioner and any evidence to rebut the Commissioner's proof, the Court holds that the Commissioner has sustained his burden of proof as to the claimed additions of 25 and 5 percent of the reduced deficiency for 1956. The Court makes the following findings: The petitioner failed to file a return for 1956 and that failure was not due to reasonable cause but was due to willful neglect. A part of the deficiency for 1956 is due to negligence or willful disregard of rules and regulations. Decision will be entered in the amounts now claimed by the Commissioner for 1956 and of no deficiency and no overpayment for 1957.